SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
CHARLES L. KREINDLER, Cal. Bar No. 119933
ANTHONY N. MOSHIRNIA, Cal. Bar No. 254253
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398
Email:          ckreindler@sheppardmullin.com
                    amoshirnia@sheppardmullin.com

Attorneys for Lucy Gao (erroneously sued
herein as "Lucy Gao aka Xiang Xin Gao");
HK Grace Building, LLC; Crystal Waterfalls,
LLC; and Huntington Giant Capital
Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JD BROTHERS LLC, a California Limited Liability Company,<br><br>                    Plaintiff,<br><br>          v.<br><br>LIBERTY ASSET MANAGEMENT CORPORATION, NORTH AMERICA ASSET MANAGEMENT CORPORATION, NORTH AMERICA CAPITAL, LLC, NORTH AMERICA HOLDING CORPORATION, BENJAMIN KIRK aka BENNY KO aka TZU PING KO, LUCY GAO aka XIANG XIN GAO, SUNSHINE VALLEY, LLC, HK GRACE BUILDING, LLC, CRYSTAL WATERFALLS, LLC, HUNTINGTON GIANT CAPITAL CORPORATION, and DOES 1-100,<br><br>                    Defendants. | Case No. 3:15-cv-01373<br><br>**LUCY GAO, HK GRACE BUILDING LLC, CRYSTAL WATERFALLS LLC, AND HUNTINGTON GIANT CAPITAL CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>**[FRCP Rules 9(b) and 12(b)(6); 15 U.S.C. § 78u-4(b)]**<br><br>**(Declination to Magistrate Judge Jurisdiction Concurrently Filed Herewith)**<br><br>**Date:          July 16, 2015**<br>**Time:          9:30 a.m.**<br>**Courtroom:   TBA**<br><br>**Complaint Filed:      March 25, 2015**<br><br>**Trial Date:             None Set** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 16, 2015, at 9:30 a.m. (or at a date and time to be set by the Court) in a Courtroom to be announced[1] at the above-captioned Court, which is located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California 94102, Defendants Lucy Gao, HK Grace Building, LLC, Crystal Waterfalls, LLC, and Huntington Giant Capital Corporation (collectively, the "Moving Defendants") will and hereby do move, both collectively and individually, for an order pursuant to FRCP Rules 9(b) and 12(b)(6), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78, *et seq.*, dismissing, without leave to amend, Plaintiff JD Brothers LLC's ("Plaintiff") Complaint because Plaintiff fails to assert material allegations of fact sufficient to state any of the purported causes of action (First through Twelfth).

This motion will be based on this Notice of Motion and Motion to Dismiss, the Memorandum of Points and Authorities, the papers and records on file herein, and on such oral and documentary evidence as may be presented at the hearing on the motion.

Dated:  May 18, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
            */s/ Charles L. Kreindler*
             CHARLES L. KREINDLER

Attorneys for Lucy Gao (erroneously sued herein
as "Lucy Gao aka Xiang Xin Gao"); HK Grace
Building, LLC; Crystal Waterfalls, LLC; and
Huntington Giant Capital Corporation

---

[1] As Moving Defendants decline magistrate judge jurisdiction, the Courtroom in which this Motion will be heard cannot be determined until the action is assigned to a district court judge.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................. 1

II.   STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4)........................... 2

III.  SUMMARY OF RELEVANT ALLEGATIONS ...................................... 2

    A.    Allegations Related to Moving Defendant Lucy Gao.................................... 2

    B.    Allegations Related to Moving Defendant HK Grace ................................... 3

    C.    Allegations Related to Moving Defendants Crystal Waterfalls and Huntington .................................................................................... 3

    D.    There are No Other Allegations Involving the Moving Defendants.............. 4

    E.    Causes of Action Against the Moving Defendants ....................................... 4

IV.   ARGUMENT........................................................................................ 4

    A.    Legal Standard.............................................................................. 4

    B.    The Entire Complaint Fails as a Matter of Law as to the Moving Defendants ................................................................................... 6

        1.    The Complaint Fails to State a Cause of Action for Fraud Against Any of the Moving Defendants ............................... 6

        2.    The Complaint Fails to State a Cause of Action for Violation of The Securities Exchange Act of 1934 Against Any of the Moving Defendants .......................................... 8

        3.    The Complaint Fails to State a Cause of Action for Violation of The Securities Act of 1933 Against Any of the Moving Defendants............................................................. 8

            a.    Plaintiff Fails to State a Claim Under Section 12(a)(1) ........... 8

            b.    Plaintiff Fails to State a Claim under Section 12(a)(2) ........... 9

            c.    Plaintiff Fails to Allege Control Person Liability .................. 10

        4.    The Complaint Fails to State a Cause of Action for Violation of California Penal Code Section 496 Against Any of the Moving Defendants............................................................. 11

        5.    The Complaint Fails to State a Cause of Action for Fraudulent Transfer Against Any of the Moving Defendants............................... 12

        6.    The Complaint Fails to State a Cause of Action for Conversion Against Any of the Moving Defendants ........................................... 13

-i-

7.   The Complaint Fails to State a Cause of Action for Intentional Interference With Prospective Economic Advantage Against Any of the Moving Defendants ........................................................... 13

8.   The Complaint Fails to State a Cause of Action for Breach of Fiduciary Duty Against Any of the Moving Defendants ................. 14

9.   The Complaint Fails to State a Cause of Action for Breach of Contract Against HK Grace ............................................... 15

10.  Plaintiff's Allegations Against the Moving Defendants Do Not Support a RICO Cause of Action ...................................... 16

11.  The Complaint Fails to State a Cause of Action for Unfair Business Practices in Violation of California Business and Professions Code §§ 17200 and 17500 Against Any of the Moving Defendants .......................................................... 17

12.  Unjust Enrichment is Not a Valid Cause of Action ........................... 18

V.   CONCLUSION ................................................................................. 18

SMRH:437192564.1

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*In re Accuray, Inc. Shareholder Derivative Litigation*
757 F.Supp.2d 919 (N.D.Cal. 2010) ........................................................................ 15

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .................................................................................................. 5

*In re Autodesk, Inc. Sec. Litig.*
132 F.Supp.2d 833 (N.D. Cal. 2000) ........................................................................ 5

*Bald Eagle Area School District v. Keystone Financial, Inc.*
189 F.3d 321 (3rd Cir. 1999) ................................................................................... 17

*Bender v. Suburban Hosp., Inc.*
159 F. 3d 186 (4th Cir. 1998) .................................................................................. 11

*Binder v. Gillespie*
184 F.3d 1059 (9th Cir. 1999) ................................................................................ 8

*Bond Safeguard Ins. Co. v. Kramer*
2015 WL 1021444 (E.D.Cal. 2015) .......................................................................... 12

*Chavez v. U. S.*
683 F.3d 1102 (9th Cir. 2012) ................................................................................... 5

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
68 Cal.App.4th 445 (1998) ...................................................................................... 11

*Coto Settlement v. Eisenberg*
593 F.3d 1031 (9th Cir. 2010) ................................................................................... 5

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*
11 Cal.4th 376 (1995) ............................................................................................. 14

*Dichter-Mad Family Partners, LLP v. U.S.*
709 F.3d 749 (9th Cir. 2013) ................................................................................... 4

*Edwards v. Marin Park, Inc.*
356 F.3d 1058 (9th Cir. 2004) ................................................................................ 5

*Fields v. Wise Media, LLC*
2013 WL 3187414 (N.D.Cal. 2013) .......................................................................... 13

*Kearns v. Ford Motor Co.*
   567 F.3d 1120 (9th Cir. 2009)....................................................................18

*Kelleher v. Kelleher*
   2014 WL 94197 (N.D.Cal. Jan. 9, 2014) ................................................12

*Korea Supply Co. v. Lockheed Martin Corp.*
   29 Cal.4th 1134 (2003) ............................................................................14

*Lazar v. Superior Court*
   12 Cal.4th 631 (1996) ................................................................................6

*Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*
   431 F.3d 353 (9th Cir. 2005)....................................................................16

*Mallen v. Alphatec Holdings, Inc.*
   861 F.Supp.2d 1111 (S.D.Cal. 2012)........................................................9

*Mendoza v. Rast Produce Co, Inc.*
   140 Cal.App.4th 1395 (2009)...................................................................13

*Navarro v. Block*
   250 F.3d 729 (9th Cir. 2001)......................................................................4

*Oasis West Realty, LLC v. Goldman*
   51 Cal.4th 811 (2011) ..............................................................................15

*Pinter v. Dahl*
   486 U.S. 622 (1988) ...................................................................................9

*Pritikin v. Comerica Bank*
   2009 U.S. Dist. LEXIS 112075 (N.D.Cal. 2009)....................................17

*Rubke v. Capitol Bancorp Ltd.*
   551 F.3d 1156 (9th Cir. 2009)....................................................................9

*S.E.C. v. Todd*
   642 F.3d 1207 (9th Cir. 2011)..................................................................10

*Salameh v. Tarsadia Hotel*
   726 F.3d 1124 (9th Cir. 2013)....................................................................5

*In re Silicon Graphics, Inc.*
   183 F.3d 970 (9th Cir. 1999)......................................................................8

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*
   983 F.Supp. 1303 (N.D.Cal. 1997) .........................................................18

-iv-

*Sprewell v. Golden State Warriors*
   266 F3d 979 (9th Cir. 2001)........................................................ 15

*Sunnyside Dev. Co. LLC v. Cambridge Display Tech. Ltd.*
   2008 WL 4450328 (N.D.Cal. 2008) ............................................ 12

*Swartz v. KPMG LLP*
   476 F.3d 756 (9th Cir. 2007)............................................5, 13, 17

*T & M Solar and Air Conditioning, Inc. v. Lennox International Inc.*
   -- F.Supp.3d --, 2015 WL 1289497 (N.D.Cal. 2015)...................6, 7, 14, 18

*Tarmann v. State Farm Mut. Auto Ins. Co.*
   2 Cal.App.4th 153 (1991)............................................................ 6

*In re Toyota Motor Corp.*
   785 F.Supp.2d 883 (C.D. Cal. 2011) ......................................... 6

*Wanetick v. Mel's of Modesto*
   811 F.Supp. 1402 (N.D.Cal. 1992) ........................................... 10

*Zixiang Li v. Kerry*
   710 F.3d 995 (9th Cir. 2013).................................................... 5

Statutes

15 U.S.C. § 77l(a) ............................................................................ 9

15 U.S.C. § 78u-4(b)(1) ................................................................. 5

18 U.S.C. § 1962(c) ...................................................................... 16

Cal. Civil Code § 3439.04 ........................................................... 12

Cal. Civil Code § 3439.05 ........................................................... 12

Cal. Penal Code § 484 .................................................................. 11

Cal. Penal Code § 496 .................................................................. 11

Other Authorities

Federal Rule of Civil Procedure 9(b) ....................................1, 5, 6, 8, 9, 12, 13, 15, 17, 18

Federal Rule of Civil Procedure 10(c) ........................................... 4

Federal Rule of Civil Procedure 12(b)(6) ...................................... 4

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.    INTRODUCTION**

3    What is clear from Plaintiff JD Brothers LLC's Complaint is that Plaintiff believes

4  that it fell victim to one or more fraudulent schemes that separated it from millions of

5  dollars.  The Complaint dedicates ample space to recounting how Plaintiff was allegedly

6  "induced" time after time to invest in real estate with the various defendants to this action

7  ("Defendants").  What is not so clear, however, is what moving Defendants Lucy Gao, HK

8  Grace Building, LLC ("HK Grace"), Crystal Waterfalls, LLC ("Crystal Waterfalls"), and

9  Huntington Giant Capital Corporation ("Huntington") (collectively "Moving Defendants")

10  had to do with Plaintiff's alleged injuries.  Stripped of its unsubstantiated conclusions (of

11  which there are many), the Complaint says next to nothing about the Moving Defendants.

12  In fact, the Complaint mentions the names of two of the Moving Defendants (Crystal

13  Waterfalls and Huntington) only one time each – in identical, successive paragraphs that

14  offer only conclusory allegations.  The only specific act that the Complaint can attribute to

15  Ms. Gao is that a certain grant deed was signed by her, although no details whatsoever are

16  provided about the signing.  The only specific acts that the Complaint can attribute to HK

17  Grace are that it purchased a building with Plaintiff's money (and Plaintiff's consent) and

18  issued a K-1 that Plaintiff suspects is inaccurate, although Plaintiff stops well short of

19  converting this suspicion into actionable conduct.  As such, the Moving Defendants are left

20  to guess at how they could have contributed to Plaintiff's alleged injuries, much less

21  actively participated in the alleged fraud on which the Complaint relies.

22    The Court, however, need not and should not engage in such guessing.  Federal

23  Rule of Civil Procedure 9(b) requires plaintiffs to substantiate their accusations of fraud

24  with specific *facts* so that defendants are adequately notified of the wrongful acts they

25  allegedly committed and no guesswork is needed.  Empty conclusions are insufficient.

26  Further, where, as here, a plaintiff complains of a unified course of allegedly fraudulent

27  behavior, Rule 9(b) applies to all causes of action "sounding in fraud" (i.e., arising from

28  the alleged fraudulent scheme) whether or not the plaintiff styles them as such.  The

1   present Complaint does not come close to meeting these requirements with respect to the

2   Moving Defendants.  Accordingly, the Court should dismiss the Complaint in its entirety

3   as to them.

4   **II.**     **STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4)**

5           The Motion raises the following issue for decision with respect to each of the

6   Moving Defendants: whether Plaintiff has alleged material allegations of fact sufficient to

7   state any of the Complaint's purported causes of action (First through Twelfth).

8   **III.**    **SUMMARY OF RELEVANT ALLEGATIONS**

9           In essence, Plaintiff claims that it was tricked by Defendants to invest large sums of

10  money in furtherance of several transactions related to real estate, which Defendants have

11  used to enrich themselves to Plaintiff's detriment.  Defendants' *coup de grace*, according

12  to the Complaint, was their sale of a commercial building (to which Plaintiff allegedly

13  holds an ownership claim) and retention of the resulting profits.  Despite grandly declaring

14  that its Complaint "describes what can only be described as a Ponzi scheme orchestrated

15  by Defendants,"[2] Plaintiff's allegations related to the Moving Defendants are *de minimis*.

16          **A.**     **Allegations Related to Moving Defendant Lucy Gao**

17          The section of the Complaint titled "The Parties" attempts to explain the

18  relationships between Defendants.  The majority of the allegations involving Ms. Gao

19  appear in this section, which alleges that Ms. Gao "controls," "owns," and/or "operates" to

20  varying degrees the following defendant entities: Liberty Asset Management Corporation

21  ("Liberty"), North America Asset Management Corporation, North America Capital LLC,

22  North America Holding Corporation, Sunshine Valley LLC, HK Grace, Crystal Waterfalls,

23  and Huntington.  (¶¶ 8-11, 14-17)[3].  Plaintiff further alleges that Ms. Gao "is the treasurer

24  and/or CFO of Liberty" and "has control over the finances of Liberty."  (¶ 13).  The

25  _____

26  [2]    Complaint, ¶ 1.

27  [3]    Unless otherwise noted, all citations in this Section are to the Complaint.

28

1   Complaint offers no additional information to substantiate Ms. Gao's alleged relationship

2   with these entities.  To the contrary, Plaintiff contradicts its allegation that Ms. Gao

3   "owns" HK Grace by subsequently alleging that "Defendant Lucy Gao was never a

4   member of HK Grace Building LLC."  (¶ 66).

5         The section of the Complaint titled "Factual Background" alleges in conclusory

6   fashion that Ms. Gao "diverted" money that Plaintiff had transferred to Liberty for her own

7   personal use or the use of "[her] legal entities" Crystal Waterfalls and Huntington.  (¶¶ 13,

8   32, and 34).  This section also alleges that Ms. Gao signed a certain grant deed as the

9   managing member of HK Grace that transferred title to a property located at 166 Geary

10  Street, San Francisco (the "Geary Street Property") from HK Grace to (presumably) a

11  different owner.  (¶ 66).  According to the Complaint, Ms. Gao was never a member of HK

12  Grace.  (*Id.*).

13        **B.    Allegations Related to Moving Defendant HK Grace**

14        Plaintiff alleges that HK Grace "was formed as a LLC to induce Plaintiff to invest

15  in [the Geary Street Property]."  (¶ 15).  HK Grace also allegedly purchased the Geary

16  Street Property "using $18 million in cash ($8 million from Plaintiff, $2 million from The

17  Guo/Huang Family Trust, and $8 million from Liberty/Sunshine Valley, LLC), and a $18

18  million dollar mortgage."  (¶ 63).  Lastly, the Complaint alleges that, despite Plaintiff's

19  belief that "[the Geary Street Property] was sold to HK Grace with all tenants in place to

20  pay rent at market rates," HK Grace "sent out a K-1 for 2012 to Plaintiff showing a loss of

21  $10,900 in rental income."  (¶ 72).

22        **C.    Allegations Related to Moving Defendants Crystal Waterfalls and
          Huntington**

23

24        The Complaint makes identical conclusory allegations against Crystal Waterfalls

25  and Huntington.  In successive paragraphs, the Complaint alleges based on Plaintiff's

26  information and belief that these entities "received stolen property from Plaintiff's

27  investment and equity in [the Geary Street Property]."  (¶¶ 16-17).  Plaintiff subsequently

28  contradicts these allegations by admitting that it "brings this action against all Defendants

-3-

SMRH:437192564.1

1   to recover the $10.656 million in profits on the sale of [the Geary Street Property]"

2   because "[it] is unaware to which entities the [funds] [have] been transferred."  (¶ 70).

3   **D.    There are No Other Allegations Involving the Moving Defendants**

4   Other than those discussed above, the Complaint makes no other allegations of fact

5   regarding the Moving Defendants, although it does make numerous conclusory allegations

6   against unspecified "Defendants."  (*See*, *e.g.*, ¶ 39).

7   **E.    Causes of Action Against the Moving Defendants**

8   Based on the foregoing allegations, Plaintiff asserts that it is entitled to legal and

9   equitable relief against all of the Moving Defendants under the following theories of

10  liability: Violation of Section 12 of the Securities Act of 1933 (First Cause of Action);

11  Violation of Section 10(B) of the Securities Exchange Act of 1934 (Second Cause of

12  Action); Violations of the Racketeer Influenced and Corrupt Organizations Act (Third

13  Cause of Action); Fraud (Fourth Cause of Action); Breach of Fiduciary Duty (Fifth Cause

14  of Action); Conversion (Sixth Cause of Action); Violation of California Penal Code § 496

15  – Receiving Stolen Property (Eighth Cause of Action); Unjust Enrichment (Ninth Cause of

16  Action); Unfair Business Practice in Violation of California Business and Professions

17  Code §§ 17200 and 17500 (Tenth Cause of Action); Fraudulent Transfer (Eleventh Cause

18  of Action); and Interference with Prospective Economic Advantage (Twelfth Cause of

19  Action).  In addition, Plaintiff asserts a cause of action for Breach of Contract against

20  Moving Defendant HK Grace (Seventh Cause of Action).

21  **IV.    ARGUMENT**

22  **A.    Legal Standard**

23  A motion under FRCP Rule 12(b)(6) tests the sufficiency of the complaint.[4]

24  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a

25

26  _____

27  [4]       Pursuant to FRCP Rule 10(c), "[a] copy of a written instrument that is an exhibit to
          a pleading is a part of the pleading for all purposes."  Under this rule, a contract can
28        properly be incorporated into a complaint and considered for purposes of a FRCP

-4-

1   complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

2   that is plausible on its face." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013),

3   quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A

4   claim is facially plausible "when the plaintiff pleads factual content that allows the court to

5   draw the reasonable inference that the defendant is liable for the misconduct alleged."

6   *Iqbal*, 556 U.S. at 678.  "The plausibility standard requires more than the sheer possibility

7   or conceivability that a defendant has acted unlawfully."  *Salameh v. Tarsadia Hotel*, 726

8   F.3d 1124, 1129 (9th Cir. 2013).  "Where a complaint pleads facts that are merely

9   consistent with a defendant's liability, it stops short of the line between possibility and

10  plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (citation and internal quotation

11  marks omitted).  "[B]are assertions" are insufficient.  *Id.* at 681; *see also Coto Settlement*

12  *v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010).  Courts "discount[] conclusory

13  statements, which are not entitled to the presumption of truth, before determining whether

14  a claim is plausible."  *Chavez v. U. S.*, 683 F.3d 1102, 1108 (9th Cir. 2012).

15          RICO and fraud claims, including securities fraud, are subject to FRCP Rule 9(b)'s

16  heightened pleading standard.  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir.

17  2004) (RICO); *In re Autodesk, Inc. Sec. Litig.*, 132 F.Supp.2d 833, 839 (N.D. Cal. 2000)

18  (securities fraud).  The Private Securities Litigation Reform Act ("PSLRA") also requires

19  that "the complaint shall specify each statement alleged to have been misleading, the

20  reason or reasons why the statement is misleading, and, if an allegation regarding the

21  statement or omission is made on information and belief, the complaint shall state with

22  particularity all facts on which that belief is formed."  15 U.S.C. §78u-4(b)(1).  And where,

23  as here, several defendants are sued in connection with an alleged fraudulent scheme, the

24  plaintiff must "inform each defendant separately of the allegations surrounding his alleged

25  participation in the fraud."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

26

27          Rule 12(b)(6) motion.  *Dichter-Mad Family Partners, LLP v. U.S.,* 709 F.3d 749,
        755 (9th Cir. 2013).

28

-5-                                          Case No. 3:15-cv-01373

**B.     The Entire Complaint Fails as a Matter of Law as to the Moving Defendants**

Although Plaintiff contends that all of the Moving Defendants are liable to it under eleven of the Complaint's twelve causes of action (and HK Grace is liable under all twelve), Plaintiff fails to allege virtually any *facts* demonstrating that any of the Moving Defendants did *anything*.  Plaintiff's boilerplate and wholly unsupported agency, alter ego, and acting in concert allegations (*see* Complaint, ¶¶ 19-20) do not overcome its failure to allege specific facts regarding the Moving Defendants.  *See In re Toyota Motor Corp.*, 785 F.Supp.2d 883, 911 (C.D. Cal. 2011) (civil RICO action; striking plaintiffs' "boilerplate cross-authority/cross-agency/ratification allegations" because such "allegations must be supportable by something more than mere conclusory allegations of mutual and overlapping agencies pursuant to which Defendants at all time [sic] acted").  As a result of the dearth of factual allegations against the Moving Defendants, the Complaint fails to state any claim against any of them.  The Complaint should therefore be dismissed.

**1.     The Complaint Fails to State a Cause of Action for Fraud Against Any of the Moving Defendants**

"The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996) (internal citations omitted).  FRCP Rule 9(b) requires that each of these elements be pled with specificity.  Further, when pleading fraud against business entity defendants, Rule 9(b) "requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157 (1991); *accord T & M Solar and Air Conditioning, Inc. v. Lennox International Inc.*, -- F.Supp.3d --, 2015 WL 1289497, *17 (N.D.Cal. 2015).

Plaintiff has failed to state a cause of action for fraud against any of the Moving Defendants.  With respect to Ms. Gao, the only plausible misrepresentation alleged in the

1    Complaint is that she signed a grant deed as the managing member of HK Grace when,

2    according to Plaintiff, she did not hold that position.  Missing from the Complaint,

3    however, are any facts showing that (1) Ms. Gao knew that she was not the managing

4    member of HK Grace; (2) Ms. Gao intended to defraud Plaintiff by signing the deed; or (3)

5    that Plaintiff justifiably relied on Ms. Gao's signature.  To the contrary, given the

6    Complaint's lack of factual allegations regarding Ms. Gao, it is equally, if not more

7    plausible, that (1) she believed she was the managing member of HK Grace; (2) she was

8    completely unaware of Plaintiff's alleged interest in HK Grace; and (3) the only parties, if

9    any, that relied on her signature were the transferee and the clerk who recorded the deed.

10   Notably, the Complaint does not allege that Ms. Gao was in any way involved with the

11   various investments that led to Plaintiff's claimed interest in HK Grace.  Therefore, the

12   Complaint fails to state a fraud claim against Ms. Gao.

13          Regarding HK Grace, the only plausible misrepresentation alleged in the Complaint

14   is that the entity issued a "false" K-1 showing an operating loss for 2012.  Even if the

15   Court excuses Plaintiff's failure to identify *who* issued the K-1 on behalf of HK Grace, the

16   Court should nonetheless require Plaintiff to allege facts demonstrating *why* the K-1 was

17   false.  *Lennox International Inc.*, 2015 WL 1289497, *16 (when the complaint highlights a

18   particular statement as false, it must also set forth what is false or misleading about a

19   statement, and why it is false).  Here, Plaintiff has done nothing more than speculate that

20   the K-1 was incorrect because Plaintiff believes that HK Grace was collecting rental

21   income in 2012 and unspecified "Defendants" offered to issue a K-1 showing that HK

22   Grace generated profit in 2013 (which is irrelevant to HK Grace's financial performance in

23   2012).  (Complaint, ¶¶ 72-73).  Assuming their truth, these allegations, which ignore HK

24   Grace's operating expenses for 2012, do not foreclose the likelihood that HK Grace had an

25   operating loss that year.  Therefore, the Complaint fails to state a fraud claim against HK

26   Grace.

27

28

The Complaint does not attribute any statement, let alone misrepresentation, to Crystal Waterfalls or Huntington and, therefore, fails to state a claim for fraud against them as well.

### 2. The Complaint Fails to State a Cause of Action for Violation of The Securities Exchange Act of 1934 Against Any of the Moving Defendants

Plaintiff asserts that its Complaint states a claim under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder.  (Complaint, ¶ 99).  To do so, Plaintiff must allege (a) a misrepresentation or omission; (b) of material fact; (c) made with scienter; (d) on which Plaintiff justifiably relied; (e) that proximately caused the alleged loss. *Binder v. Gillespie*, 184 F.3d 1059, 1063 (9th Cir. 1999).  Plaintiffs have long been required to plead securities fraud with the specificity required under FRCP Rule 9(b).  In addition, plaintiffs must now satisfy the PSLRA, which requires both falsity and scienter to be pled with particularity to put an end to the practice of pleading "fraud by hindsight." *In re Silicon Graphics, Inc.*, 183 F.3d 970, 988 (9th Cir. 1999).

As discussed above, Plaintiff has failed to allege sufficient facts to state a claim for common law fraud, much less securities fraud.  Moreover, the few representations that the Complaint attributes to the Moving Defendants (i.e., Ms. Gao's signature on the deed and HK Grace's issuance of a K-1) occurred *after* Plaintiff allegedly purchased the "securities" at issue, thereby negating causation.  Accordingly, the Complaint's cause of action for securities fraud fails.

### 3. The Complaint Fails to State a Cause of Action for Violation of The Securities Act of 1933 Against Any of the Moving Defendants

Plaintiff also asserts that its Complaint states claims under Section 12(a)(1) and Section 12(a)(2) of the Securities Act of 1933.  (Complaint, ¶¶ 82, 87).  These claims are separately addressed below.

#### a. Plaintiff Fails to State a Claim Under Section 12(a)(1)

Section 12(a)(1) provides that any person who "offers or sells a security in violation of section 77e of this title [Section 5 of the 1933 Act] ... shall be liable to the person

1   purchasing such security from him." 15 U.S.C. § 77l(a). Liability as a "seller" under the

2   statute applies to those who pass title to a security or those who solicit the purchase of a

3   security when motivated by financial gain. *Pinter v. Dahl*, 486 U.S. 622, 646–47 (1988).

4   Accordingly, to state a claim under Section 12(a)(1), a plaintiff must allege, among other

5   elements, that the defendant passed title to, or solicited the purchase of, an unregistered

6   security.

7          Plaintiff fails to allege a violation of this Section with respect to any of the Moving

8   Defendants. None of the Moving Defendants are alleged to have passed title to a

9   "security" to Plaintiff. Further, none of the alleged statements attributed to the Moving

10  Defendants qualify as solicitations to purchase a "security" because they occurred *after*

11  Plaintiff's purchase. Therefore, the Complaint fails to state a claim under Section 12(a)(1)

12  of the Securities Act of 1933 against any of the Moving Defendants.

13              **b.**        **Plaintiff Fails to State a Claim under Section 12(a)(2)**

14         "To prevail under [Section] 12(a)(2), a plaintiff must demonstrate: "(1) an offer or

15  sale of a security, (2) by the use of a means or instrumentality of interstate commerce, (3)

16  by means of a prospectus or oral communication, (4) that includes an untrue statement of

17  material fact or omits to state a material fact that is necessary to make the statements not

18  misleading." *Mallen v. Alphatec Holdings, Inc.*, 861 F.Supp.2d 1111, 1123

19  (S.D.Cal. 2012) quoting *Miller v. Thane Int'l, Inc.,* 519 F.3d 879, 885 (9th Cir. 2008).

20  Where, as here, the complaint "sounds in fraud" because it employs the exact same

21  allegations to allege violations of Section 12 as it uses to allege fraudulent conduct under

22  Section 10(b) of the Securities Exchange Act of 1934, a claim under Section 12(a)(2) must

23  be pled with increased particularity under FRCP Rule 9(b). *Mallen*, 861 F.Supp.2d at

24  1123-1124; *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009).

25         As discussed above, the Complaint does not attribute any statements to Crystal

26  Waterfalls or Huntington. The alleged statements Plaintiff attributes to Ms. Gao and HK

27  Grace were unrelated to any "security" and occurred after Plaintiff's purchase.

28  Accordingly, the Complaint fails to state a claim under Section 12(a)(2).

1          c.      **Plaintiff Fails to Allege Control Person Liability**

2          A "plaintiff basing allegations on 'control person' status must inform the defendants

3   who they are alleged to control and what acts or status indicate such control." *Wanetick v.*

4   *Mel's of Modesto*, 811 F.Supp. 1402, 1407 (N.D.Cal. 1992).  This requires, at minimum,

5   allegations of fact "sufficient to presume control over the transactions giving rise to the

6   alleged securities violation," including "whether the person managed the company on a

7   day-to-day basis and was involved in the [representations at issue]." *S.E.C. v. Todd*, 642

8   F.3d 1207, 1223 (9th Cir. 2011).  "The fact that a person is a CEO of other high-ranking

9   officer within a company does not create a presumption that he or she is a 'controlling

10  person,'" and "[m]ere titles are not adequate indicators of control authority." *Id.;*

11  *Wanetick*, 811 F.Supp. at 1407.

12         Plaintiff has failed to meet these requirements.  Nowhere does the Complaint allege

13  that HK Grace, Crystal Waterfalls, or Huntington control any individual or entity.  In

14  addition, the Complaint's conclusory "control" allegations against Ms. Gao are insufficient

15  to establish control person liability.  Plaintiff's assertions that Ms. Gao is Liberty's

16  "treasurer and/or CFO" and "has control over the finances of Liberty" likewise fail to

17  establish that Ms. Gao was Liberty's control person.  As noted above, Ms. Gao's alleged

18  title does not create a presumption of control.  Further, the conclusory assertion that Ms.

19  Gao controls Liberty's finances does not create the reasonable inference that she was

20  involved in any way with the conduct giving rise to the securities laws violations alleged in

21  the Complaint, i.e., the offer or sale of "securities."  Plaintiff does not provide any facts to

22  explain Ms. Gao's alleged job duties as "treasurer and/or CFO."  However, based on those

23  terms' common usage, it seems more likely than not that Ms. Gao, were she Liberty's

24  treasurer and/or CFO, would focus her attention on Liberty's internal finances, and leave

25  the marketing and sale of "securities" to others.  Therefore, Plaintiff has failed to state a

26  claim for violation of Section 12 under a control person theory of liability against any of

27  the Moving Defendants.

28

**4.**   **The Complaint Fails to State a Cause of Action for Violation of California Penal Code Section 496 Against Any of the Moving Defendants**

California Penal Code Section 496 makes punishable the knowing receipt or purchase of property "that has been obtained in any manner constituting theft."  Cal. Pen. Code § 496, subd. (a); *See City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal.App.4th 445, 485 (1998).  The definition of "theft" appears in California Penal Code Section 484, which states, in pertinent part, that

> [e]very person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money … is guilty of theft.

In other words, for Plaintiff to state a claim under Section 496, it must plead the knowing receipt of property obtained through fraud.  Plaintiff does not allege that Ms. Gao or HK Grace received stolen property and, for the reasons discussed above, the Complaint fails to allege fraud against them.  Accordingly, the Complaint fails to state a claim for receiving stolen property against Ms. Gao and HK Grace.

Plaintiff does claim that Crystal Waterfalls and Huntington received stolen property.  However, the Court can ignore this allegation based on Plaintiff's subsequent admission that it has no idea to whom or what its allegedly stolen money was transferred.[5] *See Bender v. Suburban Hosp., Inc.*, 159 F. 3d 186, 192 (4th Cir. 1998) (noting that "while notice pleading does not demand that a complaint expound the facts, a plaintiff who does so is bound by such exposition").  Even if this contradiction is excused, Plaintiff alleges no facts demonstrating that Crystal Waterfalls and Huntington knew that the property they received was stolen.  Therefore, the Complaint also fails to state a claim for receiving stolen property against Crystal Waterfalls and Huntington.

---

[5]   Complaint, ¶ 70.

5. **The Complaint Fails to State a Cause of Action for Fraudulent Transfer Against Any of the Moving Defendants**

California's Uniform Fraudulent Transfer Act recognizes two varieties of "fraudulent transfer" – one that renders the transferor insolvent (Cal. Civil Code § 3439.05) and one that does not (Cal. Civil Code § 3439.04).  Although Plaintiff does not specify under which code section its claim for "fraudulent transfer" allegedly arises, Plaintiff must be relying on Section 3439.04 since the Complaint does not allege that any Defendant has become insolvent as a result of a transfer.  Accordingly, FRCP Rule 9(b) applies.  *Bond Safeguard Ins. Co. v. Kramer*, 2015 WL 1021444, *1 (E.D.Cal. 2015); *see Kelleher v. Kelleher*, 2014 WL 94197, *5–*6 (N.D.Cal. Jan. 9, 2014); *Sunnyside Dev. Co. LLC v. Cambridge Display Tech. Ltd.*, 2008 WL 4450328, *6, *8-*9 (N.D.Cal. Sept. 29, 2008).

Section 3439.04 defines a "fraudulent transfer" as follows:

> [a] transfer made or obligation incurred by a debtor is a fraudulent as to a creditor … if the debtor made the transfer or incurred the obligation … [1] [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor [or] [2] without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either [a] [w]as engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction [or] [b] [i]ntended to incur, or believed or reasonably believed that he or she would incur, debts beyond his or her ability to pay as they became due.

The Complaint fails to allege that any of the Moving Defendants transferred anything with the intent of withholding the transferred property from Plaintiff.  At most, Plaintiff asserts the Ms. Gao signed a grant deed related to the Geary Street Property and that unspecified "Defendants" transferred funds from HK Grace "into their own names." (Complaint, ¶¶ 66 and 70).  Neither of these allegations are pled with the specificity required under Rule 9(b).  As for Ms. Gao, the Complaint does not explain how or why she was aware of Plaintiff's alleged interest in the Geary Street Property – facts necessary to show she intended to "hinder, delay, or defraud" Plaintiff.  Further, Rule 9(b) requires that Plaintiff explain what each Moving Defendant did individually in relation to the alleged

-12-

1   fraudulent transfer, which the Complaint fails to do.   *See Swartz*, 476 F.3d at 764-65.

2   Therefore, the Complaint fails to state a claim for fraudulent transfer.

**6.      The Complaint Fails to State a Cause of Action for Conversion Against Any of the Moving Defendants**

The elements for a cause of action for conversion are: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Mendoza v. Rast Produce Co, Inc.*, 140 Cal.App.4th 1395, 1404-1405 (2009) (internal quotations omitted).  FRCP Rule 9(b)'s heighten pleading standard applies to Plaintiff's claim for conversion because it is based on the same unified course of conduct that allegedly supports its various fraud claims. *See Fields v. Wise Media, LLC*, 2013 WL 3187414, *3 (N.D.Cal. 2013).

Plaintiff has failed to state a claim for conversion against any of the Moving Defendants.  Viewed through the lens of FRCP Rule 9(b), the Complaint does not allege any conduct against the Moving Defendants that approaches a "wrongful act or disposition of property rights."  As discussed above, the Complaint fails to allege any facts to establish that Crystal Waterfalls and Huntington's alleged receipt of "stolen" property was wrongful.  Likewise, as also addressed above, the Complaint fails to allege any facts demonstrating that Ms. Gao's alleged signing of the grant deed was anything other than innocent.  The Complaint does not allege that HK Grace did anything with Plaintiff's property other than purchase a building, an act specifically approved by Plaintiff. (Complaint, ¶¶ 62-64).  Lastly, Plaintiff's conclusory allegations that Ms. Gao and other unspecified "Defendants" "diverted" or "converted" Plaintiff's property are insufficient. Therefore, the Complaint fails to state a cause of action for conversion against the Moving Defendants.

**7.      The Complaint Fails to State a Cause of Action for Intentional Interference With Prospective Economic Advantage Against Any of the Moving Defendants**

To state a claim for intentional interference with prospective economic advantage, a plaintiff must plead facts demonstrating: "(1) an economic relationship between the

plaintiff and some third party, with the probability of some future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant."  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1154 (2003).

Plaintiff does not plead *any* facts necessary to support this cause of action. Although the Complaint identifies a handful of third parties, e.g., Jimmy Guo, Derek Guo, Wendy Huang, and their combined family trust (Complaint, ¶¶ 7 and 52), Plaintiff makes no attempt to allege an economic relationship between itself and these parties, much less one with the probability of some future success.  Further, the Complaint alleges no facts indicating that any of the Moving Defendants were aware of the third parties' existence. Accordingly, the Complaint fails to state a claim for intentional interference with prospective economic advantage against the Moving Defendants.

### 8.   The Complaint Fails to State a Cause of Action for Breach of Fiduciary Duty Against Any of the Moving Defendants

"The elements of breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach.  There must be an adequate showing of each of these elements in order to plead a cause of action for breach of fiduciary duty."  *Yamauchi v. Cotterman*, -- F.Supp.3d --, 2015 WL 1346885, *13 (N.D.Cal. 2015) (citing California authorities).  Where, as here, a claim for breach of fiduciary duty relies on allegations that "sound in fraud," FRCP Rule 9(b) applies.  *See In re Accuray, Inc. Shareholder Derivative Litigation*, 757 F.Supp.2d 919, 934 (N.D.Cal. 2010).

Plaintiff has failed to plead a cause of action for breach of fiduciary duty against any of the Moving Defendants.  The Complaint alleges that unspecified "Defendants" owed Plaintiff a fiduciary duty (1) to "keep Plaintiff's money [invested with Liberty] in an investment account," and (2) "in their capacities as managers of HK Grace Building LLC[,] … [to not] divert the profits of the sale of [the Geary Street Property]."

1   (Complaint, ¶¶ 135-136).  However, the Complaint does not allege any facts with the

2   specificity required under FRCP Rule 9(b) to establish that any individual Moving

3   Defendant owed a fiduciary duty to Plaintiff.  To the contrary, none of the Moving

4   Defendants are party to the agreements under which Plaintiff allegedly transferred money

5   to "Defendants."

6        Even if the Complaint did set forth sufficient facts to establish the existence of

7   duties running from the Moving Defendants to Plaintiff, as discussed above, there are no

8   factual allegations against the Moving Defendants amounting to breaches of those duties.

9   Therefore, the Complaint fails to state a claim for breach of fiduciary duty.

10       **9.    The Complaint Fails to State a Cause of Action for Breach of
                 Contract Against HK Grace**

11

12       The elements of a cause of action for breach of contract are "(1) the existence of the

13  contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach,

    and (4) the resulting damages to the plaintiff."  *Oasis West Realty, LLC v. Goldman*, 51

14  Cal.4th 811, 821 (2011).

15       The Complaint's allegations do not satisfy these elements with respect to HK Grace

16  and therefore fail to state a cause of action for breach of contract.  As a threshold matter,

17  although Plaintiff asserts that HK Grace breached its Operating Agreement and the

18  amendment thereto (Complaint, ¶¶ 153-155), the exhibits attached to the Complaint, which

19  trump Plaintiff's allegations to the contrary, show that HK Grace is not a party to that

20  contract.  *Sprewell v. Golden State Warriors*, 266 F3d 979, 988 (9th Cir. 2001) ("[t]he court

21  need not … accept as true allegations that contradict matters properly subject to judicial

22  notice or by exhibit").  The preamble to the Operating Agreement of HK Grace LLC states

23  that the Agreement is "by, between, and among the undersigned," who are identified on

24  the Agreement's signature page as: "JD Brothers LLC," "Sun Valley Management, LLC"

25  and "HK Grace *Manager*, LLC."  (Exhibit J to Complaint, pp. 2 and 10) (emphasis added).

26  The first paragraph of the Amendment to Operating Agreement of HK Grace Building

27  LLC states: "[t]his is an amendment … between members of JD Brothers LLC and

28

-15-

1  Sunshine Valley Management LLC." (Exhibit K to Complaint, p. 2). Thus, HK Grace

2  *Building* LLC is not a party to either contract, and Plaintiff's cause of action for breach of

3  contract against it fails.[6]

4  **10.    Plaintiff's Allegations Against the Moving Defendants Do Not Support a RICO Cause of Action**

5

6  It appears that Plaintiff is attempting to assert a violation of 18 U.S.C. §1962(c)

7  against the Moving Defendants. (Complaint, ¶¶ 102-123). Subsection 1962(c) provides:

8  > It shall be unlawful for any person employed by or associated
   > with any enterprise engaged in, or the activities of which
   > affect, interstate or foreign commerce, to conduct or
9  > participate, directly or indirectly, in the conduct of such
   > enterprise's affairs through a pattern of racketeering activity or
10 > collection of unlawful debt.

11 Accordingly, Plaintiff must allege the following elements: "(1) conduct (2) of an

12 enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5)

13 causing injury to plaintiff's 'business or property.' " *Living Designs, Inc. v. E.I. Dupont de*

14 *Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005), *quoting Grimmett v. Brown*, 75 F.3d

15 506, 510 (9th Cir. 1996). As previously noted, a RICO claim must be pled with the

16 specificity required by FRCP Rule 9(b).

17 Here, Plaintiff's allegations do not come close to satisfying the RICO pleading

18 requirements as to any of the Moving Defendants. While Plaintiff contends that the

19 Moving Defendants participated in the predicate acts of "wire fraud" and "financial

20 institution fraud" (Complaint, ¶ 107), as discussed above, the Complaint fails to allege

21

22 [6]   Even if HK Grace were a party to its own Operating Agreement, it could not have

23 breached it in the manner alleged by Plaintiff, i.e., "by diverting $10.656 million in

24 profits away from Plaintiff" and "by failing to give rental income to Plaintiff from
   2012 through 2014." (Complaint, ¶¶ 154-155). Pursuant to the Operating

25 Agreement, under which the "right to exercise the powers of the Company [HK
   Grace] … is vested entirely in the Operating Manager(s) and Managing Member(s)

26 by Members as shown in Schedule A," HK Grace is incapable of acting on its own

27 behalf. (Exhibit J to Complaint, § 5.1). Indeed, neither the Operating Agreement
   nor its amendment assign any duty to HK Grace that HK Grace could have

28 breached; all such duties are assigned to its "Managers."

-16-

SMRH:437192564.1

fraudulent conduct – or actionable conduct of any kind – against any of the Moving Defendants.

Moreover, the kind of fraud that the Complaint is attempting to allege – securities fraud resulting in a "Ponzi" scheme[7] - cannot support a RICO action.  The PSLRA amended Section 1964(c) of the RICO Act, to provide as follows:

> [N]o person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962.  The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud.

18 U.S.C. § 1964(c).

This provision precludes a civil RICO claim based on a "Ponzi" scheme that was accomplished by the sale of securities.  *Swartz*, 476 F.3d at 761.  "(A) plaintiff cannot avoid the RICO Amendment's bar by pleading mail fraud, wire fraud and bank fraud as predicate offenses in a civil Rico action if the conduct giving rise to those predicate offenses amounts to securities fraud."  *Bald Eagle Area School District v. Keystone Financial, Inc.*, 189 F.3d 321, 330 (3rd Cir. 1999).  Section 1964(c) is also construed to exclude conduct that constitutes aiding and abetting securities fraud.  *Pritikin v. Comerica Bank*, 2009 U.S. Dist. LEXIS 112075, at *13014 (N.D. Cal. Nov. 17, 2009).  Therefore, even if Plaintiff could establish that the Moving Defendants participated in the "predicate acts" on which the Complaint's RICO claim is based, the claim would be nonetheless barred by Section 1964(c).

**11.** **The Complaint Fails to State a Cause of Action for Unfair Business Practices in Violation of California Business and Professions Code §§ 17200 and 17500 Against Any of the Moving Defendants**

The Complaint alleges that unspecified "Defendants" engaged in "unfair and deceptive conduct, fraudulent conduct, misrepresentations, omissions, and other tortious

---

[7]   Complaint, ¶ 1 ("This action describes what can only be described as a Ponzi scheme orchestrated by Defendants[.]").

-17-

1    conduct [that] violated California Business and Professions Code Section 17200 and

2    17500."  (Complaint, ¶ 169).  As such, Plaintiff's cause of action for unfair business

3    practices sounds in fraud and, therefore, must be pled with particularity pursuant to FRCP

4    Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

5    Additionally, "[a] plaintiff alleging unfair business practices under the unfair competition

6    statutes 'must state with reasonable particularity the facts supporting the statutory elements

7    of the violation.'"  *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1316

8    (N.D.Cal. 1997).  As the Complaint offers no specific, factual allegations whatsoever to

9    substantiate its claims or unfair business practices against the Moving Defendants, this

10   cause of action also fails.

11              **12.      Unjust Enrichment is Not a Valid Cause of Action**

12          Plaintiff's attempt to plead a cause of action for "unjust enrichment" necessarily

13   fails as to all Defendants because no such cause of action exists in California.  *Ham v.*

14   *Hain Celestial Group, Inc.*, -- F.Supp.3d --, 2014 WL 4965959, *5 (N.D.Cal. 2014) (citing

15   and summarizing California and federal authorities).

16   **V.      CONCLUSION**

17          For the reasons set forth above, Plaintiff's Complaint should be dismissed in its

18   entirety without leave to amend with respect to the Moving Defendants.

19   Dated:  May 18, 2015

20                                  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

21

22                          By        */s/ Charles L. Kreindler*
                                  _____
23                                     CHARLES L. KREINDLER

24                                  Attorneys for Lucy Gao (erroneously sued herein
                                    as "Lucy Gao aka Xiang Xin Gao"); HK Grace
25                                  Building, LLC; Crystal Waterfalls, LLC; and
                                    Huntington Giant Capital Corporation

26

27

28