JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
NANCY L. FINEMAN (SBN 124870)
nfineman@cpmlegal.com
TIFFANY B. WONG (SBN 280620)
twong@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000 │ Fax: (650) 697-0577

C. ALEX NAEGELE (SBN 255887)
alex@canlawcorp.com
**C. ALEX NAEGELE**
**A PROFESSIONAL LAW CORPORATION**
95 S. Market Street, Suite 300
San Jose, CA 95113
Tel: (408) 995-3224 │ Fax: (408) 890-4645

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JD BROTHERS LLC, a California Limited Liability Company; WEI "WENDY" HUANG, an individual; and WEI "WENDY" HUANG as TRUSTEE of the GUO/HUANG FAMILY TRUST, a California trust<br><br>             Plaintiffs,<br><br>LIBERTY ASSET MANAGEMENT CORPORATION, BENJAMIN KIRK, aka BENNY KO, aka TZU PING KO, LUCY GAO, aka XIANG XIN GAO, SUNSHINE VALLEY, LLC, HK GRACE BUILDING LLC, and DOES 1-20,<br><br>             Defendants. | Case No. 3:15-cv-01373-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:         August 13, 2015<br>Time:        10:00 a.m.<br>Courtroom: 4, 17th Floor<br>                   United States District Court<br>                   450 Golden Gate Ave<br>                   San Francisco, CA 94102 |

**JOINT CASE MANAGEMENT STATEMENT; Case No. 3:15-cv-01373**

Plaintiffs JD Brothers LLC and Wei "Wendy" Huang, for herself and as trustee for the Guo/Huang Trust, and Defendants Liberty Asset Management Corporation, Benny Ko, Sunshine Valley LLC, Lucy Gao, and HK Grace Building LLC submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1.  **Jurisdiction and Service.**  Plaintiffs have styled this as an action for damages under Section 12 of the Securities Act of 1933, 15 U.S.C. § 77l, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et. seq., and under California state law.  Plaintiffs therefore allege that this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and that this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy.

Defendants expect to file motions to dismiss that may result in the dismissal of Plaintiffs' federal claims and lead this Court to decline jurisdiction over any remaining state law claims.

The parties are unaware of any issues regarding personal jurisdiction or venue.  No parties remain to be served.

2.  **Facts:**

(a) <u>Plaintiffs</u>: Defendant Benjamin Kirk aka Benny Ko ("Kirk") with substantial assistance from Defendant Lucy Gao ("Gao") used an intricate web of corporations and limited liability companies to fraudulently induce Plaintiffs to invest nearly $13 million dollars into what was effectively a Ponzi scheme run by Kirk and Gao.  Kirk, Gao, and the main company they ran, Liberty Asset Management Corporation ("Liberty") would fraudulently induce investors into buying distressed real estate as tenancy in common interests, portfolio interests, and limited liability membership interests on the books, only to divert and convert the money to their own use

by buying properties in their own name.  Plaintiffs were only one of many victims defrauded by Kirk and Gao.

Plaintiffs were induced to invest in a commercial building, and were falsely later told that the building could not be purchased.  In reality, Kirk had purchased the building for himself.  Plaintiffs were then re-induced to invest more money into a larger commercial building using false promises from Kirk.   Finally, Plaintiffs were induced to invest $10 million to obtain 44.4% of 166 Geary Street, San Francisco, California, which Defendant Kirk insisted needed to be held by a separate limited liability company.  Plaintiffs would only find out later that this was so that Defendant Lucy Gao could falsify the operating agreement of this limited liability company claiming Gao as the 100% owner, and then sell 166 Geary Street for $60 million out from under Plaintiffs noses.   To date, Plaintiffs have not seen any of their principal investment back, or any profits from their 44.4% ownership of 166 Geary Street.

Plaintiffs were also fraudulently induced to invest a separate $3 million into a distressed property portfolio interest investment contract, which Plaintiffs have not received principal or interest back, despite multiple demands.   Plaintiffs now bring this action to recover $13 million in investment, as well as interest, rents, and profits from the sale of 166 Geary Street.

(b) <u>Defendants:</u>  Defendants' investigation into Plaintiffs' allegations and recently filed Amended Complaint is in its early stage and is ongoing.  Defendants generally deny Plaintiffs' allegations and deny that they have injured Plaintiffs in any way.

3.     **Legal Issues:**

Plaintiffs contend that the legal issues to be decided are:

(a) Whether the commercial buildings, investment contract, and/or limited liability membership interest sold by Defendants to Plaintiffs were securities within the meaning of federal securities laws.

(b) If so, whether the Defendants violated federal securities laws, thereby providing for rescission and damages.

(c) If the interests are not considered securities, whether the Defendants are liable under the Racketeer Influenced and Corrupt Organizations Act deriving from more than two acts of mail

fraud, wire fraud, money laundering, and/or monetary transactions in property derived from unlawful activity.

(d) Additionally, whether the Defendants are liable for California common law fraud, as well as aiding and abetting fraud and conspiracy to commit fraud for their investment scheme described supra.

Defendants contend that the legal issue to be decided is whether the Amended Complaint alleges facts sufficient to state any claim for relief against any of them.

4. **Motions:** On May 18, 2015, all Defendants filed motions to dismiss the complaint in this action. These motions were taken off calendar pursuant to the parties' stipulation and the Court's Order [Dkt. 50], which permitted Plaintiffs to file an amended complaint by July 27, 2015, and set August 31, 2015, as Defendants' deadline to respond to such complaint.

On June 23, 2015, the law firm of McManis Faulkner, counsel for Defendants Liberty Asset Management Corporation, Benjamin Kirk, and Sunshine Valley, LLC, filed a motion to withdraw as counsel. That motion is scheduled to be heard by this Court on August 13, 2015 at 10:00 a.m., concurrent with the case management conference in this action.

Defendants expect to file motions to dismiss the Amended Complaint on or before August 31, 2015.

5. **Amendment of Pleadings**. The parties stipulated to the dismissal of certain defendants without prejudice. Defendants are evaluating whether to file third party claims.

6. **Evidence Preservation**: The parties have been advised to preserve all evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**: No initial disclosures have been made. The parties agreed to postpone making their disclosures until the operative complaint was at issue.

8. **Discovery:** No discovery has been conducted.

9. **Class Actions:** This is not a class action.

10. **Related Cases**:

(a) Plaintiffs: Plaintiffs state that the following cases are related as they involve substantially the same factual allegations of investor fraud against Kirk and Gao brought by other

investors who experienced the same scheme of investor fraud by Kirk and Gao and have already brought actions against Kirk and Gao to recover their investment:

(i) *ELSV, LLC vs. Benny Ko, Lucy Gao, Liberty Asset Management Corporation, , Sunshine Valley, LLC, et. al.*, Case No. 1-13-CV-254835 filed in the Superior Court of Santa Clara County.

(ii) *Jennifer Lee vs. Benny Ko, Liberty Asset Management Corporation, Lucy Gao*, et. al. Case No. 5:14-cv-01127-BLF, filed in the United States District Court, Northern District of California, San Jose Division.

(iii) *ValleyOne Investment LLC vs, Liberty Asset Management Corporation, Benny Ko, Lucy Gao, et al*, Case No. 1-13-CV-255535, filed in the Superior Court of Santa Clara County.

(iv) *East West Bank vs. Benny Ko, Lucy Gao, Liberty Capital Management, Inc., Liberty Asset Management Corporation, et. al.,* Case No. CGC 14-541737, filed in the Superior Court of San Francisco County.

(v) *Vivian Peng vs. Benny Ko, Liberty Asset Management Corporation, et. al.* Case No. 5:14-cv-03097-RMW, filed in the United States District Court, Northern District of California, San Jose Division.

(vi) *In re Gold River Valley, LLC*, Bankruptcy Case No. 2:15-bk-10691-TD, filed in the United States Bankruptcy Court, Central District Of California, Los Angeles Division.

(vii) *In re Atherton Financial Building*, Bankruptcy Case No. 2:14-bk-27223-TD, filed in the United States Bankruptcy Court, Central District Of California, Los Angeles Division, and the related adversary proceeding *Lucy Gao vs. Atherton Financial Building, LLC*, Adversary Proceeding No. 2:15-bk-01024-TD.

(viii) *In re 544 San Antonio Road LLC*, Bankruptcy Case No. 2:15-bk-13570-TD, filed in the United States Bankruptcy Court, Central District Of California, Los Angeles Division

(b) <u>Defendants:</u>  Defendants state that there are no related cases pending before another judge of this court, or before another court or administrative body, and that many or all of the cases listed above have been settled and/or dismissed.

11. **Relief**

(a) <u>Plaintiffs</u>: As more fully described in the amended complaint in this action, Plaintiff JD Brothers invested $8 million to purchase commercial buildings, which culminated in the purchase of a 44.4% interest in an limited liability company that held 166 Geary Street.  Plaintiff Wei

"Wendy" Huang as trustee of the Guo/Huang Family Trust lent $2 million dollars to Defendant Benjamin Kirk which has not been repaid despite multiple demands. Additionally, Plaintiff JD Brothers invested a separate $3 million in an investment contract to buy distressed properties as part of a portfolio agreement. Plaintiffs therefore seeks recovery of all $13 million invested in Defendants scheme. Additionally, Plaintiff seek interest, rents, and profit on the sale of 166 Geary Street. Plaintiff has not yet determined the full extent of damages, including interest, sustained as a result of Defendants' conduct. Plaintiffs seek as a remedy compensatory and general damages, special damages, treble damages, prejudgment interest at the maximum rate, punitive damages, an accounting, rescission of the sale of securities to Plaintiff, a constructive trust, attorneys' fees, costs, and other damages as allowed by law under Plaintiffs various claims.

(b) <u>Defendants</u>:  Defendants are still evaluating whether to file third party claims.

12.  **Settlement and ADR:** The parties are willing to mediate, but have not made an ADR plan or otherwise attempted to negotiate a resolution due to the pending motion to withdraw as counsel and Defendants' anticipated responses to the amended complaint.

13.  **Consent to Magistrate Judge For All Purposes:** Defendants do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

14.  **Other References:** The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  **Narrowing of Issues**: The action is at too early of a stage for the parties to determine whether there are issues that can be narrowed by agreement or motion.

16.  **Expedited Trial Procedure**: The parties do not believe that this case is appropriate for handling on an expedited schedule.

17.  **Scheduling**: Plaintiffs request that the Court set pre-trial deadlines and a date for trial. Defendants state that, because there is a motion for withdrawal pending and no operative complaint at issue, it would be premature to set pre-trial deadlines or a trial date.

18.  **Trial**. The parties agree to a jury trial. At this time, Plaintiffs state that the expected length of trial is eight (8) court days. Defendants' investigation and evaluation of the

Amended Complaint is in its early stage and, therefore, Defendants are unable to estimate the trial length.

19.     **Disclosure of Non-party Interested Entities or Persons**.  The parties have filed Certifications of Interested Entities or Persons as required by Civil Local Rule 3-15.  Pursuant to Civil Local Rule 3-15, the undersigned counsel for the parties certify that as of this date, other than the named parties, there are no persons, firms, partnerships, corporations, or other entities known to the parties to have either (1) a financial interest in the subject matter in controversy or in a party to the proceeding or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     **Professional Conduct**.  All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20.     **Other Matters:** The parties are unaware of other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated:  August 6, 2015          /s/ Nancy L. Fineman
                                Nancy L. Fineman
                                **COTCHETT, PITRE & McCARTHY, LLP**
                                840 Malcolm Road, Suite 200
                                Burlingame, CA 94010
                                Telephone: (650) 697-6000
                                Facsimile: (650) 697-0577
                                nfineman@cpmlegal.com

Dated:  August 6, 2015          /s/ C. Alex Naegele
                                C. Alex Naegele
                                **C. ALEX NAEGELE**
                                **A PROFESSIONAL LAW CORPORATION**
                                95 S. Market Street, Suite 300
                                San Jose, CA 95113
                                Telephone: (408) 995-3224
                                Facsimile: (408) 890-4645

                                *Counsel for Plaintiffs*

| | | |
|---|---|---|
| 1 | Dated:  August 6, 2015 | /s/ *Anthony Moshirnia* |
| 2 | | Anthony Moshirnia (SBN 254253) |
| | | **SHEPPARD MULLIN RICHTER & HAMPTON LLP** |
| 3 | | 333 South Hope Street, 43rd Floor |
| 4 | | Los Angeles, CA 90071 |
| 5 | | Telephone: (213) 620-1780 |
| | | Facsimile: (213) 620-1398 |
| 6 | | amoshirnia@sheppardmullin.com |
| 7 | | *Counsel for Lucy Gao and HK Grace Building LLC* |
| 8 | Dated:  August 6, 2015 | /s/ *Lauren Coatney* |
| 9 | | Lauren Coatney (SBN 283953) |
| | | **McManis Faulkner LLP** |
| 10 | | Fairmont Plaza – 10th Floor |
| 11 | | 50 West San Fernando Street |
| | | San Jose, CA 95113 |
| 12 | | Telephone: (408) 279-8700 |
| 13 | | Facsimile: (408) 279-3244 |
| | | lcoatney@mcmanislaw.com |
| 14 | | *Counsel for Benny Ko, Liberty Asset Management Corporation, and Sunshine Valley LLC* |

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:15-cv-01373

7